IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re | ) |
| | ) |
| HEIDI MOHRLAND, | ) Chapter 7 |
| | ) |
| Debtor. | ) Case No. 4-04-02885-EWH |
| ———————————— | ) |
| | ) |
| MALCOLM M. MOHRLAND, | ) Adv. 4-04-00104 |
| | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM DECISION** |
| | ) |
| HEIDI MOHRLAND, | ) |
| | ) |
| Defendant. | ) |
| ———————————— | ) |

The Debtor's ex-husband ("Plaintiff") seeks to have $993.41 excepted from her discharge as past-due child support. I have jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and 157(J).

The facts are not in dispute. On April 27, 2003, a minute entry order ("Minute Entry") was entered by the state court modifying the Debtor's visitation times with her son, setting the amount of child support she would have to pay her ex-husband and awarding the Plaintiff a judgment of $993.41 ("Judgment") for child support he overpaid when the Debtor had physical custody of their son.

The Plaintiff argues that the Debtor persuaded the state court judge to enter the Judgment rather than having the $993.41 added to her child support obligation with the intent

of filing bankruptcy so she could discharge the Judgment. However, if the Judgment represents a child support obligation, it is non-dischargeable regardless of its form.

After reviewing the Minute Entry, I find that the Judgment was not a child support obligation from the Debtor to the Plaintiff. In Arizona, pursuant to A.R.S. § 25-320, the amount of child support is calculated according to Child Support Guidelines ("Guidelines") adopted by the Arizona Supreme Court. The Guidelines take into consideration each parent's gross monthly income, the amount of time the child spends with each parent and a number of other factors, including the ratio of each parent's gross income to the total amount of child support due.

The Debtor's current child support obligation, as determined by the Minute Entry, is $54.00 a month. If the Debtor failed to make any of those payments either before or after the filing of her Chapter 7 petition, those past-due amounts would be non-dischargeabe under 11 U.S.C. § 523 (a)(5). However, the Judgment does not represent missed $54.00 monthly child support payments. It represents an overpayment by the Plaintiff of child support he owed during the time his son was in the physical custody of the Debtor. The fact that it was paid by the Plaintiff as child support does not mean that it is a child support obligation of the Debtor. Under the Arizona statutory scheme, the amount of child support is determined for each parent based on each parent's individual circumstances, including the ratio of each parent's gross income to the total amount of child support due.

In this case, because of the large disparity between the Debtor's gross income and that of the Plaintiff, the Debtor is only responsible for one-quarter of the child support. Based on

2

his income, the Plaintiff was required to pay a larger percentage of his son's support during the time that the Debtor had physical custody of their son. The Judgment represents an overpayment of the Plaintiff's child support obligation, but it was not a child support obligation of the Debtor, and the Judgment is, therefore, dischargeable.

Accordingly, judgment will be entered in favor of the Debtor on the Plaintiff's complaint.

DATED this 3rd day of May, 2005.


Eileen W. Hollowell
U.S. Bankruptcy Judge

Copy of the foregoing served as
indicated below this 3 day of
May, 2005, to:

Eric Slocum Sparks, Esq.
Law Offices of Eric Slocum Sparks, P.C.
110 South Church Ave., Suite 2270
Tucson, AZ 85701
Attorney for Debtor
eric@ericslocumsparkspc.com

Malcolm M. Mohrland (via first-class mail)
15219 South Via Rancho Grande
Sahuarita AZ 85629
Pro Se

By_____
    Judicial Assistant

3